

Steven J. Cohen
*Partner*
212 909-9505 DIR TEL
cohen@wmllp.com

WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL  212 909-9500
FACSIMILE  212 371-0320

March 21, 2025

***VIA ECF***

Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street, Room 1620
New York, NY 10007

*The request is granted and this case is STAYED. The parties shall provide a letter update to the Court within 14 days of a final decision in the Cook County Litigation.*

SO ORDERED.

Date: 3/21/25

LEWIS J. LIMAN
United States District Judge

      **Re:**   *Wells Fargo Bank, N.A. v. Thor Urban Operating Fund, L.P.*
            **Case No. 1:24-cv-04339 (LJL)**

Dear Judge Liman:

      This firm represents defendant Thor Urban Operating Fund, L.P. ("Defendant") in the above-referenced action. This letter application is respectfully submitted with the consent of counsel for plaintiff Wells Fargo Bank, N.A. ("Plaintiff") to request that this action be stayed pending the resolution of the related litigation pending in the Circuit Court of Cook County, Illinois. That related action is referred to by Plaintiff in the Complaint (ECF 4) as the "Cook County Litigation"[1], which is a consolidated action consisting of the "Foreclosure Action" and the "Access Action".

      Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) has been fully briefed by the parties and is *sub judice* before Your Honor. For the reasons set forth below, and particularly in view of the Decisions and Orders, both dated February 27, 2025, in the Cook County Litigation, the parties believe that this action should be stayed.

      Plaintiff commenced this action alleging that Defendant breached certain provisions of a guaranty (the "Guaranty") of a loan agreement ("Loan") by which an affiliate of Defendant, Thor Palmer House Hotel & Shops LLC ("Thor Shops"), financed the acquisition of the Palmer House Hilton hotel (the "Hotel"). Thor Shops subsequently divided the real property upon which the Hotel is situated into three separate parcels. One parcel, containing the main Hotel building (the "Hotel Parcel"), continues to be owned by Thor Shops, while the other two parcels are owned by separate affiliates of Defendant.

      After Thor Shops defaulted on the Loan, Plaintiff commenced the Foreclosure Action. In addition, Plaintiff commenced the Access Action, by which it sought a declaration essentially that

---

[1] The Illinois Action is styled as *Wells Fargo Bank, N.A., et al. v. Thor Palmer House Office, LLC, et al.*, Civil Action No. 2023 CH 06380.

the Hotel operator had the right to access the parcel containing the Hotel "annex" (the "Annex Parcel"), which contains, among other things, mechanical systems for providing the Hotel with air conditioning, telephone, and internet services, as well as the Hotel's employee cafeteria, meeting rooms and storage space. Thor Shops and the other Thor Affiliates (collectively, the "Thor Hotel Affiliates") moved to dismiss the Access Action, essentially arguing that the Hotel operator has no right to access the Annex Parcel.

Plaintiff subsequently commenced this action against Defendant under the Guaranty. According to its Complaint, Plaintiff alleges that, if the Court in the Access Action accepts Thor Hotel Affiliates' arguments and determines that the Hotel operator has no right to access the Annex Parcel, then allegedly Defendant breached the Guaranty because the Borrower would have breached representations and warranties in the Loan Agreement.

On February 27, 2025, the Court in the Cook County Litigation denied Thor Hotel Affiliates' motion to dismiss, and also entered an order denying Thor Hotel Affiliates' motion to strike certain affirmative defenses alleged by Plaintiff, as a counter-defendant. Thus, the Court in the Cook County Litigation thus far has rejected Thor Hotel Affiliates' arguments, and that case will proceed to a judgment that may determine whether there were breaches of the representations and warranties in the Loan Agreement, and the Guaranty.

Given the foregoing, and that a judgment in Plaintiff's favor in the Cook County Litigation may moot this action, the parties respectfully request that this Court stay this action pending the outcome of the Cook County Litigation.

      Respectfully submitted,

      WACHTEL MISSRY LLP

By: /s/*Steven J. Cohen*           
    Steven J. Cohen  
    Scott D. Woller  
    885 Second Avenue, 47th Floor  
    New York, NY 10017  
    (212) 909-9500  
    cohen@wmllp.com  
    swoller@wmllp.com  
    *Attorneys for Thor Uban Operating Fund, L.P.*

cc: All counsel of record via ECF

4934-2465-7964, v. 1